[Civ. No. 43994. First Dist., Div. Four. Jan. 19, 1979.]

RALPH N. BAMBACIGNO et al., Plaintiffs and Appellants, v.
ORVALLE N. BODENHAUSEN, Defendant and Respondent.

## COUNSEL

Brunn & Lacey, Brunn, Lacey & Thayer and Dale H. Thayer for Plaintiffs and Appellants.

Vendt & Johnson and Carl R. Vendt for Defendant and Respondent.

OPINION

CHRISTIAN, J.—Ralph N. Bambacigno and Mary Bambacigno appeal from a summary judgment dismissing as against one defendant a complaint by which appellants sought recovery from Lydia C. Baker, Marcelino Arriaga and Orvalle N. Bodenhausen for damages resulting from an automobile collision. The summary judgment was in favor of Bodenhausen.

On December 23, 1974, Arriaga allegedly lost control of her vehicle. A collision with two vehicles, one driven by Baker, the other by appellants, ensued. Appellants allege that respondent at the time of the accident was the owner of the vehicle driven by Arriaga and therefore liable for appellants' injuries under Vehicle Code section 17150. It was established without contradiction that some months before the accident respondent had sold the car to Arriaga. Respondent sought to avoid owner's liability under section 17150 by showing that he had (1) properly endorsed and delivered the certificate of ownership, and delivered the certificate of registration, to Arriaga (Veh. Code, § 5602, subd. (a); see also Veh. Code, §§ 5600, 5750, 5751, 5753, 5900, 5906.5, subd. (a)); and (2) delivered a notice of transfer of owner's interest to the Department of Motor Vehicles (Veh. Code, § 5602, subd. (b); see also Veh. Code, §§ 5900, 5901). A seller of a vehicle is relieved from civil liability for permissive operation of the vehicle when he has made a bona fide sale or transfer of the vehicle, has delivered possession of the vehicle to the purchaser, and has complied with either subdivision (a) or (b) of section 5602.

Section 5900 provides that the department must be notified of the actual mileage of the vehicle at the time of the sale or transfer, as indicated by the odometer of the vehicle. Section 5906.5 provides that the document evidencing the transfer of the vehicle must indicate the actual mileage at the time of the transfer. In the present case, respondent did not insert the required odometer reading in the endorsed certificate of ownership, the registration card, or the notice of transfer of owner's interest.

■ In order to relieve a seller of owner's liability under section 17150, compliance with section 5900 must be sufficient to meet the legislative intent behind the motor vehicle registration laws. ■ "A principal purpose of those statutes is to afford ready information to those injured or otherwise damaged by automobiles, concerning the persons liable under the owner's liability statute, section 17150. [T]he purpose of the statutes is to afford a more certain indicia of ownership than mere possession for the

protection of the public with respect to accidents, violations of law, and fraud upon innocent purchasers." (*Laureano* v. *Christensen* (1971) 18 Cal.App.3d 515, 522 [95 Cal.Rptr. 872].) *Laureano* held that a seller who failed to complete the date of transfer (see Veh. Code, § 5753) was not relieved by section 5602 of owner's liability under section 17150. "[O]therwise the statutory goal would largely be defeated." (*Id.*)

The legislative purpose behind the odometer reading requirement may have been to inhibit later vendors from fraudulently tampering with the odometer. ▆ Failure to set out the odometer reading in the notice of transfer, endorsed certificate of ownership, or registration certificate in itself does not create any uncertainty as to the identity of the vehicle transferred, the date of the transfer, or the identity of the transferor or transferee. A statute designed to protect a limited class of persons against a certain risk or harm does not protect a second class of persons against an unrelated risk or harm. (See Prosser, Torts (4th ed. 1971) pp. 192-197.) Respondent's omission of the odometer reading therefore did not make respondent liable as an owner under section 17150 for the personal injuries to these appellants. We conclude that the trial court acted correctly when it determined that there was no basis for fastening upon respondent the statutory liability of an owner.

The judgment is affirmed.

Caldecott, P. J., and Drummond, J.,* concurred.

A petition for a rehearing was denied February 2, 1979, and appellants' petition for a hearing by the Supreme Court was denied March 14, 1979.

---

*Assigned by the Chairperson of the Judicial Council.